415 F.2d 354
 William Turner JOHNSON, Jr., Appellant,
v.
John MUELLER, Superintendent, Newport News Virginia City
Prison Farm, Alton Talbot, Officer Hollis, John
Epling, and Nicholas Spanos, Appellees.
 No. 12409.
 United States Court of Appeals Fourth Circuit.
 Argued May 7, 1969.
Decided Aug. 29, 1969.
 
 Granville R. Patrick, Richmond, Va., for appellant.
 Panos A. Yeapanis, Asst. City Atty. for City of Newport News (Robert V. Beale, City Atty. for City of Newport News, Va., on brief), for appellees.
 Before BRYAN, WINTER and CRAVEN, Circuit Judges.
 CRAVEN, Circuit Judge:
 
 
 1
 In August of 1967 and March of 1968 Johnson filed papers with the district court which we liberally construe, because filed pro se, as complaints alleging that the Superintendent of the Newport News, Virginia, City Prison Farm kept him in custody beyond the term of his commitment, and alleging facts which, if proved, would appear to support claims that various Newport News, Virginia, police officers had falsely arrested him, illegally searched his person and his home, illegally seized his property, and deprived him of his property without due process of law.
 
 
 2
 Without requiring defendants to answer, the district court, on April 3, 1968, pursuant to the defendants' motions, dismissed the complaints for lack of jurisdiction because: '(a) no diversity of jurisdiction exists between the parties, 28 U.S.C. 1332; (b) the action does not arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. 1331; (c) venue is uncertain, 28 U.S.C. 1391, and (d) it is not apparent that the matters in controversy exceed the sum or value of $10,000.00, 28 U.S.C. 1331, 1332.'
 
 
 3
 On appeal Johnson maintains, and we agree, that the district court should have considered whether his complaints stated a claim for relief under the Civil Rights Act of 1871, 42 U.S.C. 1983, its jurisdiction attaching under 28 U.S.C. 1343(3) and (4).
 
 
 4
 To state a claim for relief under 1983 there must be alleged facts (1) constituting a deprivation of a right guaranteed by the Fourteenth Amendment (2) under color of state authority. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1963). Johnson complained of illegal search and seizure, false imprisonment, false arrest, and deprivation of property without due process of law-- all of which involve constitutional rights protected by the Fourteenth Amendment.[1] And in each instance the individual against whom Johnson complained was an official of the state apparently acting 'under color of' state law. Monroe v. Pape, supra. We hold that a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Assuming the facts set forth in the complaint to be true, as we must in passing on a motion to dismiss for failure to state a claim, it appears that Johnson has alleged facts sufficient to state a claim for relief under 1983.
 
 
 5
 In these circumstances, we remand the case to the district court with instructions to require the defendants to answer and to then consider the matter in the light of 42 U.S.C. 1983. 'However, whether there is any substance to the allegations depends on the proof offered either on a trial or possibly on a motion for summary judgment demonstrating that there is 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c).' Barnes v. Merritt, 376 F.2d 8, 11 (5th Cir. 1967).
 
 
 6
 Reversed and remanded with instructions.
 
 
 
 [1]
 Monroe v. Pape, supra (illegal search and seizure); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (false arrest); Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969) (false imprisonment)