**LOCAL UNION 1110, UNITED MINE WORKERS OF AMERICA, Plaintiff,**

v.

**CONSOLIDATION COAL COMPANY, Defendant.**

**Civ. A. No. 82–0018–W(H).**

United States District Court,
N. D. West Virginia,
Wheeling Division.

Feb. 8, 1982.

Thomas M. Myers, Shadyside, Ohio, W. Craig Broadwater, Wheeling, W. Va., for plaintiff.

Thomas A. Smock, Corcoran, Hardesty, Ewart, Whyte & Polito, Pittsburgh, Pa., for defendant.

## ORDER

HADEN, District Judge.

On February 2, 1982, this Court conducted a hearing on Plaintiff's motion that a Temporary Restraining Order be issued pursuant to *Rule* 65(b), Federal Rules of Civil Procedure, and on Defendant's motions to dismiss for lack of subject matter jurisdiction, pursuant to *Rule* 12(b)(1), Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure. At the close of that hearing, this Court denied Defendant's motions to dismiss and granted Plaintiff's motion for a Temporary Restraining

Order, entered of record *nunc pro tunc* on February 5, 1982.

The parties do not dispute the following facts. On January 6, 1982, Defendant unilaterally implemented a new policy concerning employees scheduling of floating and graduated vacation days.[1] Under Defendant's new policy, employees are required to schedule all of their allotted vacation days for 1982 by January 22, 1982. Those who do not comply with the January 22 deadline are still able to schedule their vacation days by giving the notice required under the National Bituminous Coal Wage Agreement of 1981. Those employees who take the latter course, however, can be disallowed a scheduled vacation if mine efficiency is affected by more junior employees having scheduled that particular day prior to the January 22 deadline.

Some 209 employees filed a timely grievance over Defendant's new vacation policy. At a Step II meeting on January 20, and at a Step III meeting on January 25, union representatives informed management representatives that some individual grievants wanted to attend the meetings. Some wanted to attend as witnesses, others only as observers. On both occasions, Defendant denied all grievants, other than the three mine committeemen, the right to be present at the Step II and Step III hearings.

 The only issue before the Court today is whether or not an individual grievant can be forced to prosecute his grievance exclusively through a union representative. 29 U.S.C. § 159(a) states the policy of the national labor law on this issue. As declared in that statute, the national labor policy fosters the presentation of individual employees' grievances through their elected union representatives. That same statute, however, goes on to provide in pertinent part:

> "That any individual employee or a group of employees shall have the right at any time to present grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect . . . ."

This Court finds, therefore, that the right of an individual grievant to be present for the prosecution of his grievance is a basic, fundamental right secured by the national labor law.[2] Inasmuch as Plaintiff's complaint alleges that Defendant is unilaterally depriving its members of this fundamental right, secured by federal law, this Court has subject matter jurisdiction. Accordingly, this Court hereby denies Defendant's motion to dismiss for lack of subject matter jurisdiction,[3] and for failure to state a claim upon which relief can be granted.[4]

## THE TRADITIONAL REQUIREMENTS OF EQUITY SUPPORT INJUNCTIVE RELIEF

### A. *Arbitrability.*

 Inasmuch as both parties have represented in open Court that their dispute over Defendant's policy excluding individual grievants is subject to arbitration, the Court finds that the issue of whether an individual grievant is entitled to be present at each step of the grievance procedure is an arbitrable matter.

---

1. *See* Plaintiff's Exhibit B.

2. This fundamental right which is secured by the national labor law has been specifically adopted by the parties to the National Bituminous Coal Wage Agreement of 1981. Article XXIII, Section 12(g) of that contract provides that: "The grievant shall have the right to be present at each step of the grievance procedure until such time as all evidence is taken."

3. 29 U.S.C. § 185.

4. When considering a motion to dismiss, pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. Such a motion should be granted only when it is certain that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969); *Brock & Davis Co. v. Charleston National Bank*, 443 F.Supp. 1175 (S.D.W.Va.1977).

B. *Likelihood of Success on the Merits.*

In light of the national labor policy as declared in 29 U.S.C. § 159(a), this Court cannot conclude that the position which Plaintiff will espouse in arbitration is futile. *Cf. Teamsters Local 71 v. Akers Motor Lines, Inc.*, 582 F.2d 1336, 1342 (4th Cir. 1978).

C. *Irreparable Injury.*

The Fourth Circuit has held that the *Boys Markets*[5] exception to the anti-injunction provisions of the Norris-LaGuardia Act[6] empowers district courts to grant injunctive relief against an employer to enjoin conduct which would render arbitrable process a hollow formality. *Lever Brothers Co. v. International Chemical Workers Union, Local 217*, 554 F.2d 115 (4th Cir. 1976) (upholding an injunction which preserved the status quo by enjoining a company from moving its plant from Maryland to Indiana until the matter was decided by arbitration.) The Fourth Circuit has subsequently made it clear that the granting of injunctive relief under *Lever Brothers* is limited to instances of imminent, irreparable deprivation of a fundamental employee right. *See Columbia Local, America Postal Workers Union v. Bolger*, 621 F.2d 615 (4th Cir. 1980). Accordingly, in determining whether Plaintiff's motion for a Temporary Restraining Order should be granted, this Court must qualitatively compare the due process right implicated here with that fundamental employee right involved in *Lever Brothers*. This Court finds that the two are qualitatively similar and that Plaintiff has no adequate remedy at law for the relief it seeks.

D. *Balance of Hardship.*

In the case at bar, arbitration of an underlying dispute involving vacation scheduling is being severely hampered by Defendant's refusal to permit individual grievants to be present at the grievance procedures. Inasmuch as Defendant's policy does not permit individual grievants to prosecute or testify in support of their claims in the underlying dispute, this Court finds that it will render the arbitration of that underlying dispute a hollow formality. Accordingly, a balancing of the relative harm to the parties is weighed heavily in favor of the Plaintiff.

## ORDER

This Court hereby grants Plaintiff's motion for a Temporary Restraining Order and ORDERS that the Defendant shall be enjoined for a period of ten days, effective February 2, 1982, from excluding individual grievants from the grievance procedure specified in Article XXIII of the National Bituminous Coal Wage Agreement of 1981. A hearing on a preliminary injunction will be held at 5:00 p. m. on Thursday, February 11, 1982, at the United States District Courthouse in Huntington, West Virginia. This Court further ORDERS that the parties shall submit this dispute to arbitration procedures pursuant to the article(s) of the National Bituminous Coal Wage Agreement of 1981, which governs the settlement of disputes.