Cynthia FLETCHER, Plaintiff,

v.

**TIDEWATER BUILDERS ASSOCIATION INC., et al., Defendants.**

No. CIV.A. 2:03CV46.

United States District Court,
E.D. Virginia,
Norfolk Division.

May 12, 2003.

Paula M. Potoczak, Paula M. Potoczak LLC, Alexandria, VA, for plaintiff.

David Christopher Burton, Melissa Rae Jackson, Williams Mullen PC, Virginia Beach, VA, for defendants.

## MEMORANDUM OPINION & ORDER

JACKSON, District Judge.

Before the Court are Cynthia Fletcher's ("Plaintiff") Motion for Leave to Amend

Complaint and Defendant Tidewater Builders Association, Inc.'s ("Defendant")[1] Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss Counts I and III and Motion for Partial Dismissal of Count II of Plaintiff's Complaint. The Court has considered the memoranda of the parties and these matter are now ripe for decision. For the reasons stated herein, Plaintiff's Motion for Leave to Amend Complaint is **GRANTED**. Defendant's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss Counts I and III and Motion for Partial Dismissal of Count II of Plaintiff's Complaint are **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 11, 2000, Cynthia Fletcher ("Plaintiff"), a black female, began working for Tidewater Builders Association, Inc. ("Defendant") as the Membership Services Coordinator. First Am. Compl., ¶ 10. At the time Defendant hired Plaintiff, it was aware the Plaintiff suffered from a pituitary disorder called prolactinoma and required weekly medication to control the symptoms of the illness. *Id.*, ¶ 12. Defendant also knew that the medication Plaintiff took to control the illness caused significant side effects. *Id.*, ¶ 13. As a result of the side effects, and in conformance with Defendant's policy as set forth in its Employee Handbook, Defendant permitted Plaintiff to work four days during the week.[2] *Id.*, ¶ 14.

In November of 2001, Ms. Sandra K. Amidon ("Ms.Amidon") became Plaintiff's supervisor. First Am. Compl., ¶ 17. Subsequently, Ms. Amidon increased Plaintiff's job duties. *Id.*, ¶ 20. Prior to Ms. Amidon's arrival, Plaintiff's four day work week never created problems nor did it raise issues with her former supervisor, other management personnel, or co-workers. *Id.*, ¶ 21. In addition, Plaintiff maintained an excellent attendance record. *Id.*, ¶ 22. On or about November 13, 2001, Ms. Amidon expressed concern over Plaintiff's numerous health issues and the fact that they required Plaintiff to work only four days a week. *Id.*, ¶ 23. During the discussion, Ms. Amidon advised Plaintiff that no one on her staff worked flex-time. *Id.*, ¶ 24.

Ms. Amidon wrote a letter to Plaintiff on February 15, 2002 in which she addressed issues she alleged affected Plaintiff's job performance for the first time. First Am. Compl., ¶ 27. Plaintiff responded to Ms. Amidon's letter on February 19, 2002. *Id.*, ¶ 28. Plaintiff asserts that she underwent two employee performance reviews on December 15, 2000 and January 2, 2002, received an overall rating of superior on both, and received a salary increase after each review. *Id.*, ¶ 25, 26. On March 8, 2002, Plaintiff informed Ms. Amidon that she was required to undergo surgery. During a meeting on March 18, 2002, Ms. Amidon advised Plaintiff that Defendant was terminating Plaintiff's employment because of poor performance. *Id.*, ¶ 30. Ms. Amidon requested Plaintiff to agree to terms of a severance package and general release. *Id.*, ¶ 31. However, Plaintiff maintains that she did not agree to the terms of either document because they had not yet been drafted, thus, Plaintiff could not review their terms. *Id.*, ¶ 32. Because Plaintiff refused to agree to sign the documents without first reviewing their terms, Plaintiff was immediately placed on administrative leave and left Defendant's place of business. *Id.*, ¶ 33. Ms. Amidon sent Plaintiff a copy of the general release containing the terms of the severance package the next day, and required that Plaintiff sign the release on or before March 25, 2002. *Id.*, ¶ 34. However, on March 22, 2003, before Plaintiff responded to the general release, Ms. Amidon advised Plaintiff that such release was "null and void" because Plaintiff had violated its terms. *Id.*, ¶ 35.

---

1. In the original complaint, Plaintiff named three individual defendants, Channing A. Pfeiffer, Randolph S. Latham, and Sandra K. Amidon. However, through a responsive pleading and the amended complaint, Plaintiff dropped the individual defendants as parties in this matter. *See* Pl.'s Opp. Brief, p. 15; First Am. Compl. Therefore defendants Channing A. Pfeiffer, Randolph S. Latham, and Sandra K. Amidon are **DISMISSED** from this lawsuit.

2. Plaintiff asserts that she was allowed to take off either Monday or Friday. First Am. Compl., ¶ 14.

Plaintiff asserts that Defendant's reason for terminating her was pretextual. First Am. Compl., ¶ 36. Plaintiff believes that at the time of her termination, at least one other employee, a white female, worked a four day flex-time work week. *Id.*, ¶ 37. Plaintiff claims the real reason for her termination was because she suffered from prolactinoma, and Defendant and Ms. Amidon no longer wished to accommodate her disability and permit her to work a four day work week. *Id.*, ¶ 38. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 18, 2002, and an amended charge on April 16, 2002. Compl., Ex. 2. On October 18, 2002, EEOC issued Plaintiff a Notice of Right to Sue. On January 16, 2003, Plaintiff filed a Complaint alleging violations of the American with Disabilities Act ("ADA"), Title VII Racial Discrimination and Retaliation, and the Family and Medical Leave Act ("FMLA").

Defendant filed its Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss Counts I and III and Motion for Partial Dismissal of Count II of Plaintiff's Complaint on February 10, 2003. On March 11, 2003, Plaintiff filed a brief in opposition to Defendant's motions to dismiss and also filed a Motion for Leave to Amend Complaint. Defendant filed its reply in support of it motions to dismiss on March 19, 2003, and a brief in opposition to Plaintiff's motion to amend on March 24, 2003. On March 31, 2003, Plaintiff filed her reply to Defendant's opposition to her motion for leave to amend the complaint. All matters have been fully briefed and are ripe for judicial determination.

## II. LEGAL STANDARDS

### A. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a party may amend a complaint once as of course any time before a responsive pleading has been filed. FED. R. CIV. P. 15(A). Rule 15(a) also provides that after responsive pleadings have been filed, a party may amend his pleading only by leave of court or by written consent of the adverse party. Rule 15(a) further provides that "leave shall be freely given when justice so requires." Leave to amend may be denied for undue delay, dilatory motive on the part of the moving party, futility of amendment, and undue prejudice to the nonmoving party. *Smith v. Angelone,* 111 F.3d 1126, 1134 (4th Cir.1997); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *Connelly v. General Med. Corp.,* 880 F.Supp. 1100, 1109 (E.D.Va. 1995) (citation omitted). " 'If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.' " *Davis,* 615 F.2d at 613 (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227). In the absence of prejudice, the granting of leave to amend is normally warranted. *Id.* The disposition of a motion to amend, however, is committed to the sound discretion of the Court. *Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir.1987). Rule 15(a) "mandates a liberal reading of the rule's direction for 'free' allowance" *Ward Elecs. Serv., Inc. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir.1987) (citing and quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227).

### B. Federal Rule of Civil Procedure 12(b)(1)

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). In such a case, the plaintiff is afforded the same procedural protection as it would under a Rule 12(b)(6) motion. *Id.* However, if the factual basis for subject matter jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). In determining whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits, depositions, live testimony, *Adams,* 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison,* 957 F.Supp.

800, 803 (E.D.Va.1997). A dismissal will be granted where the material jurisdictional facts are undisputed and a defendant is entitled to prevail as a matter of law. *Richmond*, 945 F.2d at 768.

## C. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Although courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985), courts will favorably construe the allegations of the complainant. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Courts must assume that the facts alleged in the plaintiff's complaint are true. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996). In addition to the facts alleged in the complaint, the Court will also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1357 (1990). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)).

## III. ANALYSIS

### A. Leave to Amend

Plaintiff asks the Court for leave to amend her complaint in order to remove individual defendants and add certain allegations under various counts of the Complaint. Defendant attacks the merits of Plaintiff's claims and asserts that granting Plaintiff leave to amend would be futile because Plain-

tiff's original and amended complaint both fail to state a claim for which relief may be granted.[3] However, the merits of the Plaintiff's claims should not be considered in determining whether to allow amendment unless the proposed amendment may clearly be seen to be futile because of substantive or procedural considerations. *Davis*, 615 F.2d at 613. The Court cannot find any such considerations that would render Plaintiff's proposed amendments futile. Plaintiff filed her motion in response to Defendant's motion to dismiss, and "ought to be afforded an opportunity to test [her] claim on the merits.'" *Davis*, 615 F.2d at 613 (quoting *Foman*, 371 U.S. at 182, 83 S.Ct. 227). Moreover, Defendant has not alleged that Plaintiff's motives are dilatory or that allowing the proposed amendment would result in undue delay. Finally, as discussed more completely below, Plaintiff does state facts for which relief may be granted. Thus, her amendment is not futile. Accordingly, Plaintiff's Motion For Leave to Amend Complaint is **GRANTED**.

### B. Motion to Dismiss Count I

Defendant asserts that Count I, which alleges a violation of the ADA, should be dismissed because it fails to state a claim for which relief may be granted. Specifically, Defendant alleges that Plaintiff fails to state a prima facie case of disability discrimination. In addition, Defendant questions the merits of Plaintiff's claim that she is, in fact, disabled within the meaning of the ADA.

To state a claim pursuant to the ADA, a plaintiff must follow the same pleading requirements necessary to assert a discrimination claim under Title VII. *See DeLuca v. Winer Indus., Inc.*, 53 F.3d 793, 797 (7th Cir.1995). Many Circuit Courts of Appeal have held that a plaintiff need not plead a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), in order to survive a motion to dismiss,[4] while

---

**3.** Defendant incorporates by reference its brief in support of its motion to dismiss as well as its reply brief.

**4.** *See, e.g., Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000); *Bennett v.*

*Schmidt*, 153 F.3d 516, 518 (7th Cir.1998); *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924 (8th Cir.1993).

at least one has held to the contrary.[5] The Supreme Court resolved this Circuit split, holding that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema*, 534 U.S. at 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The Supreme Court reasoned that "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Id.* at 510, 122 S.Ct. 992. Moreover, the Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."[6] *Id.* at 511, 122 S.Ct. 992. Instead, a plaintiff must comply with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide defendant fair notice of the nature of plaintiff's claims and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80(1957). Finally, Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. *Swierkiewicz*, 534 U.S. at 515, 122 S.Ct. 992.

▪ Plaintiff has stated sufficient facts to sustain a claim under the ADA. First, for purposes of a motion to dismiss, it is clear that Plaintiff need not state a prima facie case under the ADA.[7] Second, the ADA states that "no covered entity shall discrimi-

nate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12111(a). "The term 'disability' means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Count I reads, in relevant part, "[Plaintiff] is a 'qualified individual' within the meaning of the ADA." First Am. Compl. ¶ 41. Plaintiff describes her condition and states that the side effects of the medication she takes to control her disease "substantially limit a major life activity including, but not limited to, work." *Id.*, ¶¶ 42–46. Moreover, Plaintiff states that Defendant terminated her in violation of the ADA because of her disability. *Id.*, ¶ 50. Whether Plaintiff is actually a disabled person need not be determined at this stage in litigation. For purposes of this motion to dismiss, Plaintiff must simply state such facts, not prove them. The Court finds that the facts presented in Count I constitute a "short and plain statement of the claim," and are sufficient to place Defendant on notice of the nature of Plaintiff's claims. FED. R. CIV. P. 8(a)(2). Therefore, Defendant's motion to dismiss Count I is **DENIED**.

## C. Motion for Partial Dismissal of Count II

Defendant argues that the Court lacks subject matter jurisdiction over the portion

---

**5.** *See Jackson v. Columbus*, 194 F.3d 737, 751 (6th Cir.1999).

**6.** *See also McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283, n. 11, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976) (rejecting the argument that a Title VII complaint requires greater "particularity," because this would "too narrowly constrict the role of the pleadings"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

**7.** The Court notes that although not required, Plaintiff does state sufficient facts for a prima facie case. The Court of Appeals for the Fourth

Circuit has held that "in a typical discharge case brought under the ADA, a plaintiff must prove by a preponderance of the evidence that (1) she was in the protected class; (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Ennis v. National Ass'n of Business & Educ. Radio*, 53 F.3d 55, 58 (4th Cir.1995). Plaintiff alleges that she is a disabled individual under the ADA, that she was fired, and at the time she was fired she had recently received a superior performance review and raise. *See* First Am. Compl., ¶¶ 25, 30, 41. Finally, Plaintiff alleges that her flex-time work schedule and need to undergo surgery became a problem, and were the true reasons for her discharge. *See* First Am. Compl., ¶¶ 23, 24, 38. Thus, Plaintiff has stated a prima facie case of a violation of the ADA.

of Count II that alleges retaliation because it exceeds the scope of her EEOC Charge and Amended Charge. Therefore, Defendant claims that Plaintiff failed to exhaust her administrative remedies. In addition, Defendant believes that the retaliation claim in Count II should be dismissed because Plaintiff failed to allege a prima facie case of retaliation.

▇▇▇▇ "It is well-settled that a timely filed EEOC complaint is a prerequisite to bringing a Title VII lawsuit." *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 839 (6th Cir.1994); 42 U.S.C. § 2000e–5(e). In general, when Title VII claims exceed the scope of the EEOC charge, and any charges that would have naturally arisen from an investigation, they are procedurally barred. *Dennis v. County of Fairfax*, 55 F.3d 151, 156–57 (4th Cir.1995); *Williams v. Enterprise Leasing Co.*, 911 F.Supp. 988, 994 (E.D.Va.1995). Put differently, "a claim omitted from an EEOC charge may only be raised in the Title VII complaint where the claim is 'reasonably related to the allegations and claims in the administrative charge.'" *Williams*, 911 F.Supp. at 994 (quoting *Nicol v. Imagematrix, Inc.*, 767 F.Supp. 744, 753 (E.D.Va. 1991)). In *Nealon v. Stone*, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held that a plaintiff asserting a title VII claim of retaliation for filing a previous EEOC charge is not required to exhaust administrative remedies before suing in federal court. 958 F.2d 584, 590 (4th Cir.1992). The Fourth Circuit reasoned that this rule "is the inevitable corollary of our 'generally accepted principle that the scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission.'" *Id.* (quoting *Hill v. Western Electric Co.*, 672 F.2d 381, 390 n. 6 (4th Cir.1982))

(quotations omitted); *Williams* 911 F.Supp. at 994.

In this case, Plaintiff alleges that Defendant retaliated against her for filing a claim with the EEOC regarding her termination. Plaintiff filed her initial charge with the EEOC on March 19, 2002 (Charge # 1), and filed an amended charge on April 16, 2002 (Charge # 2). Although Defendant argues that several of the alleged discriminatory and retaliatory actions occurred prior to Plaintiff's filing of Charge # 1, on March 19, 2002, the denial of a severance package occurred later, on March 22, 2003. In fact, Plaintiff alleges in Count II that "Defendant...also has...retaliated against [Plaintiff]...by denying her a severance package in the course of her termination" First Am. Compl., ¶ 57. If the Court views the facts and inferences to be drawn from the complaint in the light most favorable to the nonmoving party, Plaintiff's retaliation claim does arise from her filing of Charge # 1. Thus, Plaintiff was not required to first file an EEOC charge alleging retaliation before bringing it before the Court.[8] *Burke v. AT & T Technical Servs. Co., Inc.*, 55 F.Supp.2d 432, 437 (E.D.Va.1999) (Ellis, J.) (Holding that this rule "applies to all retaliation claims that arise after a plaintiff has filed an administrative charge with the EEOC because such retaliation claims by definition grow out of the particular discrimination charges filed with the EEOC."). Moreover, as previously discussed, Plaintiff is not required to allege a prima facie case of retaliation in her complaint. *See* discussion *infra* Part III.B. Therefore, Plaintiff has properly alleged a claim of retaliation against Defendant for which relief may be granted. Accordingly, Defendant's Motion for Partial Dismissal of Count II is **DENIED**.

### D. Motion to Dismiss Count III

▇▇▇ Defendant claims that Count III should be dismissed because it is not an

---

**8.** The Court notes that in Charge # 2, Plaintiff checked the box marked retaliation. While she does not provide a detailed account of the nature of the retaliation, the Court also finds this sufficient to place Defendant on notice of any potential claims it must defend. *Wilson Metal Casket Co.*, 24 F.3d at 839 (A plaintiff must file a timely

EEOC charge to put alleged wrongdoers on notice of potential Title VII liability, and allow the EEOC to facilitate conciliation in lieu of going to court); *Foster v. Gueory*, 655 F.2d 1319, 1323 (D.C.Cir.1981); *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057 (2d Cir.1990).

employer nor is Plaintiff an employee as defined by the FMLA. The FMLA reads, in pertinent part, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period...[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a). The FMLA also provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). In Count III, Plaintiff states that she is an "eligible employee" and Defendant is an "employer" and "person" within the meaning of the FMLA. First Am. Compl., ¶¶ 60, 61. Again, for purposes of a motion to dismiss, Plaintiff must simply state that she is an employee and Defendant is an employer, not prove the truth of such statements. Therefore, the Court finds that Plaintiff has stated a claim against Defendant under the FMLA for which relief may be granted. Accordingly, Defendant's Motion to Dismiss Count III is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend Complaint is **GRANTED**. Defendant's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Counts I and III Motions for Partial Dismissal of Count II of Plaintiff's Complaint are **DENIED**.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**