**Kirk Adrian JACKSON, Plaintiff–Appellant,**

v.

**CROSSET COMPANY, Defendant–Appellee.**

No. 01–6262.

United States Court of Appeals, Sixth Circuit.

March 29, 2002.

Before BATCHELDER and CLAY, Circuit Judges; and ALDRICH, District Judge.*

## *ORDER*

Kirk Adrian Jackson, an Ohio resident proceeding pro se, appeals the district court order dismissing his employment discrimination case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Jackson sued Crosset Company (Crosset) of Independence, Kentucky. Jackson was employed by Accountants On Call, a temporary employment agency, which placed him with Crosset. Jackson, who is African–American, alleged that Crosset discriminated against him on the basis of his gender and race when the company terminated him. Jackson invoked the First, Eighth, Thirteenth and Fourteenth Amendments, 42 U.S.C. §§ 1981, 1985(3), and § 2000(e), and state law. Crosset moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), arguing *inter alia* that the allegations in Jackson's complaint did not establish a prima facie case of discrimination. The magistrate judge recommended granting Crosset's motion. The district court adopted the magistrate judge's report and recommendation over Jackson's objections and dismissed the case.

In his timely appeal, Jackson argues that the district court erred by: (1) finding that Jackson raised an inference of discrimination but dismissing the case; and (2) treating Jackson as an independent contractor.

Initially, we note that Jackson's arguments on appeal concern only his claims under 42 U.S.C. § 2000e and Ky.Rev.Stat. Chapter 344, the Kentucky Civil Rights Act. Issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). Accordingly, we need not address Jackson's other federal and state law claims.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996).

Upon review, we conclude that the district court's decision must be vacated in light of *Swierkiewicz v. Soreman N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Relying on the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court held that the allegations in Jackson's complaint did not establish a prima facie case of discrimination. In *Swierkiewicz*, the United States Supreme Court held that an employment discrimination plaintiff is not required to plead a prima facie case of discrimination because the *McDonnell Douglas* framework is an evidentiary standard, not a pleading standard. 122 S.Ct. at 996–99. The Supreme Court expressly rejected this court's requirement that a Title VII complaint contain factual allegations that support each element of a prima facie case. *Id.* at 996 n. 2 (abrogating *Jackson v. Columbus*, 194

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

F.3d 737, 751 (6th Cir.1999)). To survive a motion to dismiss, a complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Swierkiewicz*, 534 U.S. at ——, 122 S.Ct. at 998. Accordingly, the district court is directed to examine Jackson's complaint under the standard set out in *Swierkiewicz*.

For the foregoing reasons, we vacate the district court's order and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Before BATCHELDER and CLAY, Circuit Judges; and ALDRICH, District Judge.*