Karen C. GAVURA, Appellant,

v.

**PENNSYLVANIA STATE HOUSE OF REPRESENTATIVES, The Republican House Caucus and Julie Harhart, State Representative, Appellees.**

No. 00–1279.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 29, 1999.

Decided Dec. 13, 2002.

---

Before SLOVITER, FUENTES, Circuit Judges and DIAMOND,* District Judge.

---

*Honorable Gustave Diamond, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The District Court construed Gavura's *pro se* complaint as asserting claims for employment discrimination under Title VII, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.*, and 42 U.S.C. § 1983. As acknowledged in her brief, Gavura is not appealing the dismissal of her ADEA or § 1983 claims but is appealing only

*OPINION OF THE COURT*

DIAMOND, District Judge.

Appellant Karen Gavura appeals to this court contending that the District Court erroneously dismissed her *pro se* amended complaint asserting claims under title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Because we conclude that the District Court erred in dismissing Gavura's amended complaint, we will reverse and remand for additional proceedings consistent with this opinion.

I.

On March 4, 1999, Gavura, a former legislative aide to Republican State Representative Julie Harhart, filed in the United States District Court for the Eastern District of Pennsylvania a *pro se* complaint alleging sex and age discrimination. Gavura's request for appointment of counsel was denied and her complaint was dismissed without prejudice based in part on Gavura's failure to allege that she had satisfied the administrative prerequisites for filing suit in federal court. On November 30, 1999, Gavura filed an amended complaint, *pro se*, under Title VII alleging discrimination on the basis of sex and retaliation[1] and explicitly averring administrative exhaustion.[2]

We read Gavura's *pro se* amended complaint to assert the following pertinent factual allegations which we must assume to

the dismissal of her Title VII claims for sex discrimination and retaliation.

2. Specifically, Gavura pled her timely filing of suit in federal court following her receipt of a right-to-sue letter from the U.S. Department of Justice relating to a timely 1995 complaint that Gavura had filed with the EEOC and the Pennsylvania Human Relations Commission alleging discrimination based on sex.

be true in light of the procedural posture of this case. *See Pryor v. National Collegiate Athletic Association,* 288 F.3d 548, 559 (3d Cir.2002) (In evaluating whether dismissal is proper, a court must accept all of the "factual allegations of the complaint ... as true," and must draw all "reasonable inferences to aid the pleader.").

In November 1994, Gavura interviewed with State Representative Julie Harhart for the position of legislative aide. During her second interview with Harhart, Gavura was offered a job but with no health insurance benefits. Harhart's explanation was that it would be "double dipping" if Gavura were granted benefits because she was married and her husband had health benefits. Nevertheless, Gavura accepted Harhart's offer of employment.

The complaint further alleges that Harhart hired a male, Patrick Loquasto, as a legislative aide around the same time as Gavura was hired. Loquasto was assigned to Harhart's main office in Whitehall, PA, while Gavura was placed in charge of Harhart's satellite office in Slatington, PA. However, in April 1995, Harhart contemplated closing the Slatington office and asked Gavura to train Loquasto in the Whitehall office because Loquasto was incapable of handling constituent problems and Harhart wanted Gavura to "teach [Loquasto] how to overcome his repeated errors and obvious lack of knowledge regarding office procedures." As a result, Gavura was required to do extra work for the same salary as Loquasto. Gavura also complained to Harhart about Loquasto addressing her as "woman" but Harhart merely brushed aside her complaints.

Gavura subsequently discovered that Loquasto and two female secretaries who worked for Harhart were receiving the benefits that Gavura had been denied. In addition, Harhart required Gavura to become a notary but refused to pay for her notary certificate, and further required Gavura to pay office expenses as well as travel and lodging expenses out of her own pocket often without reimbursement.

Around May 1995, Gavura engaged in a conversation with Darwin Moyer, a Republican Party Official in Harrisburg, regarding Gavura's "unfair treatment and working environment." This conversation between Gavura and Moyer resulted in an individual identified as Ted Kovall "wanting to know why [Gavura] was unhappy." Kovall's position is not identified in the complaint. Gavura also spoke at length with Jerry Knowles, a "troubleshooter" for the Republican Party, primarily regarding the work of Loquasto.

Over Memorial Day weekend in 1995, Gavura decided that she would begin looking for another job. However, before Gavura gave notice, Harhart terminated her on June 2, 1995, "just days after [Gavura] went over [Harhart's] head to complain about my working environment."

After Gavura's termination, Knowles was hired as Gavura's temporary replacement in Slatington until Harhart hired a married female, Lynn Adamchick–Yandrisovitz, with benefits. Adamchick–Yandrisovitz was placed in the Whitehall office and Loquasto was moved to the Slatington office. About a month later, Harhart terminated Loquasto and he was replaced by a male, Gary Birks, who received a higher salary than Gavura had made and with full benefits. Gavura also alleges that Birks was not asked to pay office expenses out of his own pocket "as he was the head of the household."

On March 13, 2000, the District Court entered a memorandum and order granting appellees' motion to dismiss Gavura's amended complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), finding that Gavura did not sufficiently allege that

the treatment that she received from Harhart was different from that of male employees, nor that she participated in any protected activity under Title VII that served as the impetus for her dismissal. This appeal followed.

## II.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision granting a party's motion to dismiss *de novo. See Pryor,* 288 F.3d at 559.

A motion to dismiss for failure to state a claim may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, the plaintiff is not entitled to relief. *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183 (3d Cir.2000). Accordingly, a federal court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Doe v. Delie,* 257 F.3d 309, 313 (3d Cir.2001).

Moreover, *pro se* complaints, however inartfully pleaded, are held to even less stringent standards than formal pleadings drafted by lawyers. *Becker v. C.I.R.,* 751 F.2d 146, 149 (3d Cir.1984). Thus, "[a] *pro se* complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Milhouse v. Carlson,* 652 F.2d 371, 373 (3d Cir.1981) (quoting *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

Under the notice pleading standard of Fed.R.Civ.P. 8(a), a complaint requires only a short and plain statement showing a right to relief, "not a detailed recitation of the proof that will in the end establish such a right." *Pryor,* 288 F.3d at 564. As the United States Supreme Court recently

has confirmed, complaints in employment discrimination cases must satisfy only the simple requirements of Rule 8(a). *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Weston v. Pennsylvania,* 251 F.3d 420, 429 (3d Cir.2001). Thus, "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz,* 539 U.S. at 508, 122 S.Ct. 992; *Weston,* 251 F.3d at 429 (a complaint need not plead law or match facts to every element of a legal theory to survive a motion to dismiss under Rule 12(b)(6)).

Applying the appropriate liberal pleading standard to Gavura's *pro se* amended complaint, we must conclude that the District Court erred by dismissing the complaint for failure to state a claim upon which relief can be granted as it does not appear "beyond doubt" that plaintiff can prove no facts in support of her allegations that would entitle her to relief.

First, Gavura's *pro se* complaint may be read to state a claim for sex discrimination. Title VII makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex,...." 42 U.S.C. § 2000e-2(a)(1).

Here, Gavura's complaint alleges that she was discriminated against in respect to "compensation, terms, conditions or privileges" of employment in that she received a lower salary than a male replacement, that she received no benefits while a less-qualified male replacement did, and

that she was required to pay office expenses out of her own pocket while a male replacement was not. While these allegations admittedly are not strong, particularly in light of other allegations in the complaint indicating that other female employees, including one who presumably was married, did receive the benefits denied to Gavura, they at least are sufficient to give appellees fair notice of what her claim is and the grounds upon which it rests. As Gavura's allegations meet our lenient standards of notice pleading, the trial court erred in granting appellees' motion to dismiss Gavura's sex discrimination claim. *See, e.g., Weston,* 251 F.3d at 430.

Likewise, Gavura's allegations that Harhart adhered to a "head of household" policy that was applied differently to her than to a married male employee are sufficient to allege a claim for sex discrimination under Title VII. Gavura alleged in her amended complaint that a married male employee of Harhart received certain benefits because he was "head of the household" whereas Gavura was denied those same benefits and instead was required to rely upon those provided through her husband's employer.

"Employment practices which vary in their applicability to married females and married males constitute discrimination on the basis of sex, the only distinguishing characteristic being the sex of the married persons." *Jurinko v. Wiegand Co.,* 477 F.2d 1038, 1044 (3d Cir.1973), *judgment vacated on other grounds,* 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973); *see also Phillips v. Martin Marietta Corp.,* 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971) (Title VII does not allow for one

hiring policy for women with preschool age children and another for men with preschool age children). Here, Gavura's allegations are sufficient to have placed appellees on notice that Gavura is alleging sex discrimination arising from a "head of household" policy that is applied differently to married males and married females, and that is all that is required under the notice pleading standard of Fed.R.Civ.P. 8(a).

■ Finally, this Court must conclude that Gavura has stated a claim for retaliation under Title VII. Section 704(a) of Title VII forbids an employer from discriminating against an employee "because he has opposed any practice made an unlawful practice by this subchapter...." 42 U.S.C. § 2000e–3(a).

Here, Gavura alleges in her amended complaint that she was discharged "just days" after she "went over [Harhart's] head" with complaints about her "unfair treatment and working environment." These allegations are sufficient to constitute "a short and plain statement" of a retaliation claim which, accepted as true, would entitle Gavura to relief under the anti-retaliation provision of Title VII.

Appellees' argument that the District Court's dismissal of Gavura's retaliation claim should be affirmed because she failed to allege facts sufficient to prove a prima facie case of retaliation again misses the mark.[3] As with a discrimination claim, the allocation of the burden of proof for a retaliation claim follows the familiar Title VII standards as articulated in *McDonnell Douglas. See Woodson v. Scott Paper Co.,* 109 F.3d 913, 920 (3d Cir.1997).

However, as the Supreme Court made clear in *Swierkiewicz,* the *McDonnell*

---

**3.** Under the *McDonnell Douglas* standard a plaintiff may establish a prima facie case of retaliation by showing that (1) she was engaged in protected activity; (2) she was discharged subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the discharge. *Woodson v. Scott Paper Co.,* 109 F.3d 913, 920 (3d Cir.1997).

*Douglas* standard is an evidentiary standard, not a pleading requirement. 534 U.S. at 510, 122 S.Ct. 992. Accordingly, plaintiff was not required to plead facts establishing that she engaged in protected activity or that she complained to anyone who was in a position to act upon her complaints in order to survive a Rule 12(b)(6) motion. Rather, Gavura was only required to plead facts sufficient to give appellees fair notice of the basis for her retaliation claim. Gavura's assertions that she was discharged shortly after going over Harhart's head to complain about her unfair working environment were sufficient to place appellees on notice that she is pursuing a retaliation claim under Title VII for which she could be entitled to relief. Accordingly, Gavura has done all that is required at the pleading stage, and therefore, it was error for the District Court to grant appellees' motion to dismiss Gavura's retaliation claim.

"Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits." *Swierkiewicz*, 514 U.S. at 515, 115 S.Ct. 1597; *see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test."). Instead, the simplified notice pleading standard of Rule 8(a) "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 514 U.S. at 512, 115 S.Ct. 1597.

Thus, the issue on a motion to dismiss for failure to state a claim is not whether a plaintiff ultimately will prevail, but whether the claimant is entitled to offer evidence to support her claims. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000); *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1420 (3d Cir.1997). Accordingly, although on the face of her complaint Gavura's chances of prevailing on the merits of her claims may appear "remote and unlikely" at this stage of the process, her allegations nevertheless are sufficient, at a minimum, to state claims for sex discrimination and retaliation under Title VII and she is entitled to an opportunity to attempt to strengthen her case through discovery. Should she fail in that endeavor, her unmeritorious claims properly should be dealt with through a motion for summary judgment pursuant to Rule 56. *Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. 992.

### III.

The District Court failed to adhere to the liberal standard applicable to a review of a motion to dismiss under Rule 12(b)(6) and improperly dismissed Gavura's *pro se* complaint. For the reasons set forth herein, we will reverse and remand for additional proceedings consistent with this opinion.