Christopher COCKERHAM, by and through his mother and next friend, Teresa COCKERHAM, Plaintiff,

v.

STOKES COUNTY BOARD OF EDUCATION, Scarlet Mooney, Individually and as Teacher at the Chestnut Grove Middle School, Joe Childress, Individually and as Principal of the Chestnut Grove Middle School, Defendants.

No. 1:03 CV 00227.

United States District Court, M.D. North Carolina.

Feb. 3, 2004.

Stephen Ashley Boyce, Winston–Salem, NC, for plaintiff.

David O. Lewis, Durham, NC, for defendants.

## MEMORANDUM OPINION

OSTEEN, District Judge.

Plaintiff Christopher Cockerham, by and through his guardian ad litem, Denise M. Gold, brings this action against Defendants Stokes County Board of Education, Scarlet Mooney, and Joe Childers[1] (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"). This matter is now before the court on Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the court will grant Defendants' motion.

## I. BACKGROUND

The following facts are stated in the light most favorable to Plaintiff.

Plaintiff was, at all times relevant to this suit, a student at Chestnut Grove Middle School assigned to Defendant Mooney's

---

**1.** Although Plaintiff refers to this individual defendant by the name "Childress," Defendants note that his name is "Childers." The court will accept that Defendants are correct and will refer to this party as Childers.

class. Mooney was employed as a teacher by the Stokes County Board of Education ("the Board"), an educational institution that received federal financial assistance. At that time, Defendant Childers was employed by the Board as principal of Chestnut Grove Middle School.

On or about August 26, 2002, Mooney forced Plaintiff to wear a sign constructed from pink paper, approximately nine inches wide by five inches high, which read, "I am single! Will you go with me[?] Circle one[:] Yes No Maybe," in black lettering, about one inch tall (Compl.¶ 12.). A loop of yellow yarn was attached to the sign so that it would hang around Plaintiff's neck and be displayed on his back. (*Id.*)

Plaintiff was forced to wear the sign for the entire school day, during which time it was viewed by other students and faculty. When Plaintiff entered the school lunchroom wearing the sign, Childers "laughed at the Plaintiff and said, loud enough for everyone to hear, 'ain't that cute.'" (*Id.* ¶ 14.)[2] Other students taunted and, in some cases, physically abused Plaintiff; Mooney and Childers witnessed this behavior.

Upon experiencing this ridicule, Plaintiff removed the sign. Mooney then shouted at Plaintiff and commanded him to resume wearing it. When Plaintiff refused, he was forced to go to in-school suspension until

he chose to continue wearing the sign. After two hours in suspension, Plaintiff decided to put the sign back on and returned to Mooney's class where he remained for the rest of the day.

At some point, Plaintiff's mother informed Mooney that she did not approve of the sign and requested that Mooney not force Plaintiff to wear it in the future. Mooney refused. The following day, Plaintiff's mother brought a note from Plaintiff's attending physician stating that it was not in Plaintiff's best interest to wear the sign. When Plaintiff's mother tried to give the note to Childers, he refused to accept it.

Other children continued to tease Plaintiff about the sign, exposing him to ridicule and humiliation. He is now escorted to class. This conduct has "substantially disrupted the Plaintiff's education and ... has caused the Plaintiff to experience great anxiety, mental anguish, and humiliation." (Compl.¶¶ 22–23.)[3]

## II. ANALYSIS

Plaintiff alleges that Mooney's and Childers's conduct, taken under color of law, deprived him of his constitutional right to be free of sexual harassment in violation of § 1983. Plaintiff further alleges that the Board's failure to take corrective action subjected Plaintiff to discrimination on the basis of his sex, a violation of

---

**2.** Since Defendants did not address this allegation in their responsive pleading, it is admitted that Childers made these comments. Fed.R.Civ.P. 8(d).

**3.** The court's ruling should not be interpreted to indicate approval of the perplexing and inappropriate means of discipline selected by Defendant Mooney and tacitly endorsed by Defendant Childers through his pointed remarks. Defendants admit that "Mooney requested that the minor plaintiff and two other students wear a sign as described as part of a recognized technique to modify inappropriate

behavior," (Answer ¶ 12) and that Plaintiff was made to wear the sign while in Mooney's class and during the lunch period "as part of a the behavior modification technique." (*Id.* ¶ 13.) Further, "it is admitted that the defendants were aware that the minor plaintiff had learning disabilities." (*Id.* ¶ 11.) The court recognizes its inexperience in handling school discipline, but these admissions cause the court to ponder from what source came this so-called "recognized technique" of discipline for students.

Title IX. Defendants assert that each of these allegations fails to state a claim upon which relief may be granted and have moved to dismiss pursuant to Rule 12(b)(6).

### A. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of pleadings, but do not seek to resolve disputes surrounding the facts, the merits of claims, or the applicability of any defenses.[4] *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). When a Rule 12(b)(6) motion tests the sufficiency of a civil rights complaint, that complaint should not be dismissed unless it is certain the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested under the facts alleged. *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir.2002). All facts alleged must be "liberally construed" in the light most favorable to the non-moving party and allegations made therein are taken as true. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969).

Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The short and plain statement need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

In spite of this modest pleading standard, Defendants argue that Plaintiff's Title IX claim must be dismissed because it fails to allege facts that support each element of a prima facie "hostile environment" sexual harassment claim. Defendants further argue that if Plaintiff's allegations are insufficient to state a Title IX claim, then Plaintiff has also failed to adequately plead any deprivation of a constitutional right, as would be necessary to support a prima facie § 1983 claim.

The Supreme Court has recently announced that the elements of a prima facie case are not to be treated as a heightened pleading standard. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510–11, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002) (finding that a prima facie case is an evidentiary standard, not a pleading requirement).[5] The Court held that plaintiffs are not required to allege facts in support of each element of a prima facie case at the pleadings stage. *Id.* at 511, 122 S.Ct. at 997. Rather, in virtually all civil actions, the Court concluded that a plaintiff's complaint need only give defendants notice of the claim, as mandated by Rule 8(a)(2). *Id.* at 513, 122 S.Ct. at 998. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to

---

**4.** As such, the court will not herein address the applicability of the various defenses raised by Defendants, including their claim of "sovereign or governmental immunity." (Answer at 2.) Defendants have not raised that issue as a basis for dismissal.

**5.** Although *Swierkiewicz* was decided in the context of alleged race and age discrimination in violation of Title VII and the Age Discrimination in Employment Act, the holding is applicable to this case, which alleges a violation of Title IX. Federal courts routinely look to cases decided under Title VII and apply a similar analysis under Title IX. *See, e.g., Franklin v. Gwinnett County Pub. Sch.,* 503 U.S. 60, 75, 112 S.Ct. 1028, 1037, 117 L.Ed.2d 208 (1992) (relying on *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 64, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986), a Title VII case, in determining that sexual harassment constitutes discrimination); *Yusuf v. Vassar Coll.,* 35 F.3d 709, 714 (2d Cir.1994); *Mabry v. State Bd. of Cmty. Colls. & Occupational Educ.,* 813 F.2d 311, 316–17 (10th Cir.1987).

dispose of unmeritorious claims." *Id.* at 514, 122 S.Ct. at 998 (citing *Conley,* 355 U.S. at 47–48, 78 S.Ct. at 103).

Notwithstanding the language of *Swierkiewicz,* Defendants argue that Plaintiff is required to allege facts in support of each element of a prima facie Title IX case. In support of this position, Defendants cite *Bass v. E.I. Dupont de Nemours & Co.,* a decision rendered by the Fourth Circuit less than one year after *Swierkiewicz.* 324 F.3d 761 (4th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 301, 157 L.Ed.2d 253 (2003). In *Bass,* the Fourth Circuit upheld dismissal of a Title VII claim under Rule 12(b)(6) finding that the plaintiff failed to allege facts sufficient to support two of the four prima facie elements necessary to her hostile work environment claim. *Id.* at 765. The court stated "[o]ur circuit has not … interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." *Id.* (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002) and *Iodice v. United States,* 289 F.3d 270, 281 (4th Cir.2002)).

With this holding, the Fourth Circuit seems to avoid the clear purpose of *Swierkiewicz,* which was to ensure that all ostensibly meritorious suits be allowed to proceed to discovery once defendants are put on notice of the claim brought and the general facts supporting it. *Swierkiewicz,* 534 U.S. at 510–11, 122 S.Ct. at 997.

In rejecting the prima facie case requirement as a pleading standard, the *Swierkiewicz* Court noted that plaintiffs may succeed on a discrimination claim even without facts to support each element of a prima facie case, provided some evidence of direct discrimination exists.

Under [a] … heightened pleading standard, a plaintiff without direct evidence of discrimination at the time of his complaint must plead a prima facie case of discrimination, even though discovery might uncover such direct evidence. It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered.

*Id.* at 511–12, 122 S.Ct. at 997.

The role of the prima facie case requirement is to set forth burdens of evidentiary production, a stage which must necessarily follow, rather than precede, discovery. *Id.* at 510–11, 122 S.Ct. at 997. It would be inconsistent with the spirit of the Rule 8 notice pleading standard to require plaintiffs to plead facts in support of each prima facie element before discovery takes place. *Id.* at 512, 122 S.Ct. at 997–98 ("Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case …. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.").

The Supreme Court granted certiorari in *Swierkiewicz* to resolve a split among the Circuits regarding the appropriate pleading standard. 534 U.S. at 509–10 & n. 2, 122 S.Ct. at 996 & n. 2. Formerly, the Second and Sixth Circuits applied the heightened pleading standard now effectively subscribed by the Fourth Circuit in *Bass,* requiring civil rights plaintiffs to allege facts constituting a prima facie case. *See, e.g., Swierkiewicz v. Sorema, N.A.,* No. 00–9010, 5 Fed.Appx. 63, 2001 WL 246077, at *1–2 (2d Cir. Mar.12, 2001); *Jackson v. Columbus,* 194 F.3d 737, 751 (6th Cir.1999). Conversely, the Seventh, Eighth, and D.C. Circuits applied the more lenient Rule 8 notice pleading standard. *See, e.g., Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113–14 (D.C.Cir.2000)

(finding that a plaintiff need not make out a prima facie case of discrimination to avoid dismissal of claim for employment discrimination); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998) (same); *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 926 (8th Cir.1993) (same, but rendered in the context of a housing discrimination claim).

This court's dilemma is that it believes the Supreme Court resolved this split in favor of applying the lower pleading standard prescribed by Rule 8.[6] By continuing to apply a heightened pleading standard after *Swierkiewicz*, the Fourth Circuit is at odds with the Supreme Court's clear pronouncement that all elements of a prima facie case need not be supported with factual pleadings in order to survive a motion to dismiss. *Compare Swierkiewicz*, 534 U.S. at 510–11, 122 S.Ct. at 997 (finding that a "prima facie case relates to the employee's burden of presenting evidence that raises an inference of discrimination.... This Court has never indicated that the requirements for establishing a prima facie case ... also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.") (internal citations omitted), *with Bass*, 324 F.3d at 765 (setting forth the four elements of a prima facie case and upholding lower court's grant of defendant's 12(b)(6) motion because plaintiff

"failed to allege facts sufficient to support at least the second and third elements of her hostile work environment claim").

The Fourth Circuit's apparent departure from *Swierkiewicz* has also been noted by another court in this circuit, the District of Maryland, which, when finding that a plaintiff should be granted leave to amend his complaint, added in a footnote:

The Fourth Circuit's distinction between facts sufficient to prove a case as an evidentiary matter versus facts sufficient to support a claim for relief is unclear. While the Supreme Court suggested that courts should not consider the elements of a prima facie case [at the 12(b)(6) stage], the Fourth Circuit seems to have done precisely that in affirming dismissal of a hostile work environment claim in *Bass....* [T]here is an apparent tension between *Bass* and *Swierkiewicz*. Therefore, it would be advisable for plaintiff to be as particular as reasonably possible when making his allegations in his amended complaint.

*Radbod v. Washington Suburban Sanitary Comm'n*, No. Civ. JFM–03–309, 2003 WL 21805288, at *4 n. 5 (D.Md. July 14, 2003). Other district courts in the Fourth Circuit, while not directly addressing the tension between the two decisions, have followed *Swierkiewicz*. *See Gottesman v. J.H. Bat-*

---

**6.** The Second and Sixth Circuits now apply the lowered pleading standard set forth in *Swierkiewicz*. *See Phillip v. University of Rochester*, 316 F.3d 291, 298–99 (2d Cir.2003) (finding that "a Title VII plaintiff need not set forth circumstances supporting an inference of discrimination in order to survive a Rule 12(b)(6) motion"); *Jackson v. Crosset Co.*, No. 01–6262, 33 Fed.Appx. 761, 2002 WL 486390, at *1 (6th Cir. Mar.7, 2002) (vacating and remanding a district court decision that required plaintiff to allege facts in support of each element of a prima facie discrimination claim); *see also O'Connor v. Northshore Int'l Ins. Servs.*, No. 01–1547, 61 Fed.Appx. 722,

723 (1st Cir. April 11, 2003) (per curiam) ("*Swierkiewicz* held that a Complaint in an employment discrimination lawsuit need not set out the elements of a prima facie case ... in order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."); *Wyatt v. Terhune*, 315 F.3d 1108, 1118 (9th Cir.2003) (finding that the notice pleading standard " 'applies to all civil actions, with limited exceptions' ") (quoting *Swierkiewicz*, 534 U.S. at 513, 122 S.Ct. at 998); *Gavura v. Pennsylvania State House of Reps.*, No. 00–1279, 55 Fed.Appx. 60, 2002 WL 31781092, at *3 (3d Cir. Dec.13, 2002) ("As the United States Supreme Court recently has confirmed [in *Swierkiewicz* ], complaints in employment dis-

*ten, Inc.,* 286 F.Supp.2d 604, 611–12 (M.D.N.C.2003) (stating that plaintiff alleging discrimination need not plead specific facts to support each element of a prima facie case); *Fletcher v. Tidewater Builders Ass'n,* 216 F.R.D. 584, 589 (E.D.Va.2003) (same); *Jackson v. Blue Dolphin Communications of N.C., L.L.C.,* 226 F.Supp.2d 785, 789 (W.D.N.C.2002) (same); *cf. Miller v. Washington Workplace, Inc.,* 298 F.Supp.2d 364, 373 (E.D.Va.2004) (apparently concluding that the pleading standards applied in *Bass* and *Swierkiewicz* are equivalent). *But see Brown v. Flowers,* 297 F.Supp.2d 846, 851–52 (M.D.N.C. 2003) (applying the heightened pleading standard mandated by *Bass* and noting that "the Fourth Circuit does not read *Swierkiewicz* as removing a plaintiff's burden to set forth facts sufficient to allege each element of his claim"); *Seaton v. Owens,* No. 1:02CV00734, 2003 WL 22937693, at *2 (M.D.N.C. Dec.8, 2003) (same).

However, this court is bound to follow the Fourth Circuit's interpretation of *Swierkiewicz. See Hart v. Massanari,* 266 F.3d 1155, 1175 (9th Cir.2001) ("A district court bound by circuit authority ... has no choice but to follow it, even if convinced that such authority was wrongly decided."); *see also Odom v. South Carolina Dep't of Corr.,* 349 F.3d 765, 775 (4th Cir. 2003) (Luttig, J., dissenting) (noting that a court's failure to follow binding precedent "render[s] principled predictions as to the [law] in our circuit ... all but impossible"). As was clearly stated in *Bass,* plaintiffs bringing discrimination claims in the

crimination cases must satisfy only the simple

Fourth Circuit must plead facts sufficient to support each element of a prima facie case. *Bass,* 324 F.3d at 765 ("Our circuit has not ... interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim."). Despite its failure to resolve the evident tension between *Bass* and *Swierkiewicz,* this court will now consider whether Plaintiff's claims are sufficient under the heightened pleading standard mandated by the Fourth Circuit.

**B. Sufficiency of Plaintiff's Title IX Claim Against Defendant Stokes County Board of Education**

■ Plaintiff asserts that his adverse treatment and Defendants' indifference to it exposes the Board to liability under Title IX. Title IX provides that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity." 20 U.S.C. § 1681(a). To state a claim under Title IX based on an abusive education environment, a plaintiff must allege: (1) the plaintiff is a member of a protected group; (2) the plaintiff has been subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment was sufficiently severe so as to create an abusive education environment; (5) some basis for the educational institution's liability. *Seamons v. Snow,* 84 F.3d 1226, 1232 (10th Cir.1996); *Brown v. Hot. Sexy & Safer Prods., Inc.,* 68 F.3d 525, 540 (1st Cir.1995); *Jennings v. University of*

requirements of Rule 8(a).").

*N.C. at Chapel Hill,* 240 F.Supp.2d 492, 509 (M.D.N.C.2002). To establish the basis for an educational institution's liability, a Title IX plaintiff must show both actual knowledge of the harassment and deliberate indifference toward the abusive conditions. *Davis, as Next Friend of LaShonda D. v. Monroe County Bd. of Educ.,* 526 U.S. 629, 642, 119 S.Ct. 1661, 1671, 143 L.Ed.2d 839 (1999). Additionally, Plaintiff must show that the Board receives federal funds, since Title IX claims are only supportable against a funding recipient. 20 U.S.C. § 1681(a); *Davis,* 526 U.S. at 640–41, 119 S.Ct. at 1670.

Plaintiff directly asserts most of these elements in support of his Title IX claim against the Board.[7] (Compl.¶¶ 8, 15–17, 21–26.) However, Plaintiff makes no express allegation that the Board knew of or was deliberately indifferent toward the alleged sexual harassment. To establish the Board's liability, Plaintiff asserts only that Childers had actual knowledge of the discrimination against Plaintiff and that he was deliberately indifferent to the discrimination. (*Id.* ¶ 26b.) Plaintiff claims that, as an official with the authority to institute corrective measures, Childers is a "proxy" for the Board and his knowledge and indifference are attributable to them. (*Id.*)

■ It is well settled that the Board cannot be held liable under Title IX for any sexual harassment by Mooney or Childers on the basis of respondeat superior, constructive notice, or agency principles. *See Davis,* 526 U.S. at 642, 119 S.Ct. at 1671 (finding that an educational institution may not be held liable under Title IX

absent actual notice of discrimination); *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 285, 118 S.Ct. 1989, 1997, 141 L.Ed.2d 277 (1998) (same). Rather, the educational institution must have "intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge." *Davis,* 526 U.S. at 642, 119 S.Ct. at 1671.

■ Nevertheless, an educational institution may be liable under Title IX when a school official has been invested with the authority to address discrimination and institute corrective measures, but can be shown to have exhibited actual knowledge of and deliberate indifference toward ongoing sexual harassment. *Baynard v. Malone,* 268 F.3d 228, 237 (4th Cir.2001) (citing *Gebser,* 524 U.S. at 290, 118 S.Ct. at 1999). Since Plaintiff has made that allegation against Childers and the Board, he has successfully pled all elements of a prima facie Title IX claim.

■ However, beyond his bare assertions, Plaintiff has failed to plead facts that support each element of the prima facie case. Plaintiff did not plead facts sufficient to support his allegation that his treatment was based on his sex. Although Plaintiff has stated that the sign he wore was pink and posed the question "will you go with me?," these facts do not, as Plaintiff asserts, establish that the harassment was based on his sex.[8] (Compl.¶ 12.)

The question put forth on the sign, though it may refer to dating, is complete-

---

7. For example, Plaintiff alleges that Defendants "subjected the Plaintiff to discrimination on the basis of the Plaintiff's sex" and "[t]he Defendants' conduct has substantially disrupted the Plaintiff's education." (Compl. ¶¶ 22, 25.)

8. Plaintiff asserts only these facts in support of his contention that the harassment was

based on his sex. He states that the sign's color indicates sexual harassment because "[p]ink is the color for baby girls" and notes that the sign "posed the question 'will you go with me'—an obvious reference to dating." (Pl.'s Br. Opp'n Defs.' Mot. Dismiss at 15.)

ly gender-neutral and is therefore irrelevant to finding the harassment was based on sex. The color of the sign also fails to indicate that the harassment was based on Plaintiff's sex. While it may be true that pink is a color usually associated with females, this generality is insufficient to suggest that Plaintiff was targeted for harassment because of his gender. No other fact is alleged to show that the sign was placed on Plaintiff's back *because* he is male.

Following the Fourth Circuit's holding in *Bass,* this court must dismiss Plaintiff's Title IX claim because the facts alleged do not support each element of a prima facie case. *Bass v. E.I. Dupont De Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 301, 157 L.Ed.2d 253 (2003). As such, the court will grant Defendants' motion to dismiss Plaintiff's Title IX claim against the Board.

### C. Sufficiency of Plaintiff's § 1983 Claims Against Defendants Mooney and Childers

Plaintiff further alleges that Mooney and Childers deprived him of the constitutional right to be free from sexual harassment in violation of § 1983. To state a claim under § 1983, a plaintiff must allege the deprivation of a right secured by the Constitution or federal law, and that the violation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). In support of his § 1983 claim against Mooney, Plaintiff asserts that Mooney's conduct "deprived [him] of his constitutional right to be free from sexual harassment," and that the conduct was "based on the sex of the Plaintiff;

sufficiently severe or pervasive to create an abusive environment; and deprived the Plaintiff of rights, privileges or immunities secured by the Constitution and Federal Law." (Compl.¶¶ 29–30.) The facts presented relating to the claim against Mooney again regard the color and content of the sign and the resultant verbal and physical abuse by other students. Plaintiff also alleges that Mooney engaged in the conduct alleged "while acting under color of state law" in her capacity as a teacher employed by the Board. (*Id.* ¶ 29.)

■ As to Childers, Plaintiff asserts that his position as Mooney's supervisor exposes him to liability under § 1983. To state a claim for supervisor liability under § 1983, a plaintiff must allege: (1) the supervisor had actual or constructive knowledge that a subordinate engaged in conduct posing a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to demonstrate deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the constitutional injury suffered by the plaintiff. *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994) (internal quotations omitted). In support of his § 1983 claim against Childers, Plaintiff plainly asserts each of these elements.[9] (Compl.¶ 31). Plaintiff pleads several facts to support these bare allegations, including that Childers saw Plaintiff wearing the sign, laughed and said "ain't that cute," observed other students ridiculing Plaintiff, observed Mooney ordering Plaintiff to continue to wear the sign or face suspen-

---

**9.** For example, Plaintiff alleges that Childers "had actual knowledge that his subordinate, Scarlet Mooney, was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to the Plaintiff" and

Childers's "response to that knowledge was so inadequate as to show deliberate indifference to and tacit authorization of the conduct." (Compl.¶ 31a, b.)

sion, and refused to take a note from Plaintiff's doctor, which instructed that wearing the sign was not in Plaintiff's "best interest." (*Id.* ¶¶ 14–16, 19.) Plaintiff also asserts that Childers engaged in the conduct alleged "while acting under color of state law." (*Id.* ¶ 29.)

With these assertions, Plaintiff has sufficiently alleged each element of his prima facie § 1983 claims against Mooney and Childers. Since the right to be free from sexual harassment is a clearly established constitutional right, the allegation of such a deprivation, when inflicted by a party acting under color of state law, can support a § 1983 claim. *See Mandsager v. University of N.C. at Greensboro*, 269 F.Supp.2d 662, 678–79 (M.D.N.C.2003); *Jennings v. University of N.C. at Chapel Hill*, 240 F.Supp.2d 492, 507 (M.D.N.C. 2002).[10] Additionally, both teachers and their supervising principals can be liable under § 1983 for causing, being indifferent to, or tacitly authorizing the deprivation of a constitutional right. *See Hall v. Tawney*, 621 F.2d 607, 614–15 (4th Cir.1980) (finding that the plaintiff had adequately alleged a § 1983 claim against a teacher and principal for deprivation of substantive due process stemming from an infliction of corporal punishment).

However, Plaintiff's bare allegation that he was deprived of his right to be free from sexual harassment is insufficient to support his § 1983 claim. To survive a motion to dismiss, Plaintiff must plead facts to support each element of his claim. *See Bass v. E.I. Dupont De Nemours &* Co., 324 F.3d 761, 765 (4th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 301, 157 L.Ed.2d 253 (2003). As discussed herein, Plaintiff has not pled any fact to support his claim that the adverse treatment was based on his sex; this failure necessarily defeats Plaintiff's claim that he was deprived of any constitutional right to be free of sexual harassment. Absent facts showing the deprivation of a constitutional right, Plaintiff cannot support his § 1983 claim. As such, the court will grant Defendants' motion to dismiss Plaintiff's § 1983 claims against Mooney and Childers.

## III. CONCLUSION

For the reasons set forth above, the court will grant Defendants' motion to dismiss Plaintiff's Title IX claim against Defendant Stokes County Board of Education and Plaintiff's § 1983 claims against Defendants Mooney and Childers. The dismissal will be without prejudice to provide Plaintiff an opportunity to state a sufficient claim.

---

10. These holdings build on earlier decisions by the Supreme Court which found that the equal protection component of the due process clause confers a federal constitutional right to be free from gender discrimination, *Davis v. Passman*, 442 U.S. 228, 235, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979), and sexual harassment in the workplace is a form of gender discrimination, *Meritor Savings Bank,* *FSB v. Vinson*, 477 U.S. 57, 64, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986). In *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 75, 112 S.Ct. 1028, 1037, 117 L.Ed.2d 208 (1992), the Court extended its findings to conclude that the same standards apply to sexual harassment in educational contexts.